**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARY DUARTE-MONTOYA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-04410-ACCV<br><br>**ORDER DENYING PETITION FOR HABEAS CORPUS** |

## I. RULING

On August 5, 2026, Dary Duarte Montoya ("Petitioner") filed Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention on numerous grounds including as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and the Immigration and Nationality Act ("INA"). For the reasons stated below, the Court denies the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala. (Dkt. 1 at 2.) Petitioner entered the United States without inspection on February 1, 1997. (Dkt. 8 at 2.)

Petitioner claims to have paid taxes since 2014, maintained valid work authorization, maintained long-term employment, and maintained the same residence since 2019. (Dkt. 1 at 4.)

On April 15, 2010, Petitioner was arrested and convicted for Driving Under the Influence. (Dkt. 8 at 3.)

On November 20, 2014, Petitioner was ordered removed by an immigration judge with withholding of removal to Guatemala granted. (Dkt. 8-2 at 1.) The order is silent as to third country removal. (*Id.*)

On August 4, 2026, Petitioner was arrested and taken into federal immigration custody during a scheduled interview. (Dkt. 8 at 2.)

The next day, August 5, 2026, Petitioner filed the Petition. (Dkt. 1.) In the Petition, Petitioner alleges the following : (1) Re-Detention After Approximately Twelve Years Of Recognized Liberty Without Constitutionally Adequate Process Violates The Fifth Amendment; (2) This Case is Governed by *Mathews* and *Zinerman*, Not *Parratt*; (3) Respondents Identified No Material Change Justifying Detention; (4) Post-Deprivation Review Cannot Cure The Harm; (5) Continued Detention After A Longstanding Grant Of Withholding Of Removal Violates Statutory And Constitutional Limitations; (6) Extraordinary Equities And The Absence of Individualized Necessity Overwhelmingly Favor Release; and (7) Equitable Factors and Conditions of Confinement Further Support Immediate Relief. (*Id*. at 17–33.) Among the relief Petitioner requests is his immediate release from custody. (*Id.* at 33-34.)

On August 12, 2026, Petitioner was served with a Notification of Removal. (Dkt. 10-1.)

Also on August 12, 2026, Respondents filed Answer to Petition for Writ of Habeas Corpus ("Answer"). (Dkt. 8.) In the Answer, Respondents state "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding 'that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).'). Under that statutory detention authority, 'A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger

to the community.' *Id.*, at *5 (*citing Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)." (Dkt. 8 at 2.)

On August 13, 2026, Petitioner filed First Notice of Motion and Motion to Hold Case in Abeyance Pending Writ of Habeas ("Motion"). (Dkt. 9.) In the Motion, Petitioner seeks an abeyance of the case "pending resolution of Petitioner's requested custody redetermination hearing before the Immigration Court pursuant to 8 U.S.C. § 1226(a)." (*Id.* at 1–2.)

Also on August 13, 2026, Respondents filed Federal Respondents' Notice of Intended Transfer indicating Respondents' intent to remove Petitioner to a third country, Mexico, on August 20, 2026. (Dkts. 10; 10-1.)

On August 14, 2026, Petitioner filed First Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction and Reply to Respondents' Notice of Intended Transfer (Dkt. 12); Petitioner's Response and Objection to Respondents' Notice of Intended Transfer, Request for Order Preserving the Status Quo and Prohibiting Third-Country Removal Pending Meaningful Review (Dkt. 13); and Petitioner's Motion to Stay Proceedings and Hold Petition for Writ of Habeas Corpus in Abeyance Pending § 1226(a) Custody Redetermination Proceedings (Dkt. 14). On August 14, 2026, the Court issued an administrative stay and set a status conference for August 17, 2026. (Dkt. 15.) The Court denied the motions filed on August 14, 2026, as moot given the administrative stay. (*Id.*)

On August 17, 2026, the Court held a status conference. (Dkt. 17.) Counsel for Petitioner informed the Court that Petitioner is eligible for an immigration bond hearing and anticipates having a bond hearing before an immigration judge within a few days to a week. (*Id.*) Counsel for Respondents informed the Court that he requested an immigration bond hearing for Petitioner, and the hearing may have taken place that morning. (*Id.*) The Court directed the parties to meet and confer regarding whether a bond hearing occurred, and if so, was Petitioner sufficiently prepared given the fast scheduling, or whether an immigration bond hearing is to be scheduled. (*Id.*) The

parties were to file a status report no later than close of business on Friday, August 21, 2026, advising the Court as to the status of the immigration bond hearing. (*Id.*)

On August 21, 2026, the parties filed a joint status report in which they notified the Court that no bond hearing had been held yet. (Dkt. 18.) On August 24, 2026, the parties filed a second joint status report in which they informed the Court that a bond hearing was scheduled for August 26, 2026. (Dkt. 19.) No further status reports have been filed.

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner is subject to a final order of removal. (Dkt. 10-1 at 1.) Petitioner's detention is therefore governed by 8 U.S.C. § 1231(a), not 8 U.S.C. § 1226(a).

8 U.S.C. § 1231(a) provides that once a noncitizen has been ordered removed, the Attorney General "shall" remove him within 90 days of the date that the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(A). During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2)(A). If an individual subject to a removal order is not removed during the removal period, he may be detained beyond the removal period or may be released subject to supervision. 8 U.S.C. § 1231(a)(6), (a)(3). A noncitizen may not, however, be detained indefinitely under § 1231(a) for the purpose of effectuating removal; he must be released from detention once it has been determined that there is no significant likelihood of removal in the reasonably

foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 690-92 (2001) (interpreting 8 U.S.C. § 1231(a)(6)); *see also* 8 C.F.R. § 241.13(g)(1) (requiring release on conditions once government has concluded that removal is not significantly likely in the reasonably foreseeable future).

The Supreme Court in *Zadvydas* set a period of six months after the removal order is final, during which the noncitizen's detention is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*

Petitioner's order of removal was administratively final on November 20, 2014. (Dkt. 8-2 at 1.) While it is far past the 90-day removal period, Petitioner is still subject to detention beyond the removal period. 8 U.S.C. § 1231(a)(6), (a)(3). Petitioner's detention falls within the "presumptively reasonable" six-month period set by *Zadyvdas* as he was detained August 4, 2026, post-removal order, and as of the time of this order over two months have elapsed. *Id.*

Nevertheless, the presumption of reasonableness may be rebutted. *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) ("At no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges . . . not a prohibition on claims challenging detention less than six months.") (quoting *Zadvydas*, 533 U.S. at 700-01); *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*.").

Neither Petitioner nor Respondents provide briefing to either support or rebut Petitioner's mandatory detention pursuant to § 1231(a) and his prior order of removal. (*See generally* Dkt. 1; Dkt. 8.) Petitioner's arguments are focused primarily on procedural due process grounds pursuant to the Fifth Amendment. (Dkt. 1 at 17–33.) Petitioner only challenges the legality of Petitioner's detention and not Petitioner's prior order of removal. (*Id.* at 10.) Likewise, Respondents' arguments are also inapposite as they rely entirely on § 1226(a). (Dkt. 8 at 2.)

It is unrebutted by both parties that Petitioner is subject to a final order of removal. (Dkt. 1 at 13; Dkt. 8-1 at 3.) Consequently, based on these facts Petitioner has failed to show that his current detention, subject to a final order of removal, violates due process under *Zadvydas*.

## V. CONCLUSION

For the reasons stated, the Court denies the Petition.

DATED: October 13, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge